**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION AT COLUMBUS**

ANTHONY L. JONES,

        Petitioner,    :    Case No. 2:20-cv-5466

 - vs -    District Judge Michael H. Watson
    Magistrate Judge Michael R. Merz

WARDEN, Noble
  Correctional Institution,

        :
        Respondent.

**SUBSTITUTED REPORT AND RECOMMENDATIONS**

This habeas corpus case under 28 U.S.C. § 2254 is before the Court on Petitioner's Objections (ECF No. 15) to the Magistrate Judge's Report and Recommendations on the merits ("Report," ECF No. 12). Having reconsidered the Report in light of the Objections, the Magistrate Judge has determined that substantially more analysis is needed. Accordingly, the Report is WITHDRAWN and the following is substituted in its stead.

**Litigation History**

On May 11, 2018, a Franklin County Grand Jury indicted Jones on one count of engaging in a pattern of corrupt activity in violation of Ohio Revised Code § 2923.32 (Count 1), two counts of trafficking in marijuana in violation of Ohio Revised Code § 2925.03 (Counts 2 & 5), two counts of trafficking in cocaine in violation of Ohio Revised Code § 2925.03 (Counts 3 & 4), and one

count of receiving proceeds of an offense subject to forfeiture proceedings in violation of Ohio Revised Code § 2927.21 (Count 6). Counts 1, 3, 4, 5, and 6 carried a firearm specification and Counts 3 and 4 carried a specification for forfeiture of money in a drug case (Indictment, State Court Record ECF No. 4, Exhibit 1). Jones initially pleaded not guilty and filed motions to suppress.

On May 14, 2019, the day set for hearing on the suppression motions, Jones entered a plea of guilty to Count 1, engaging in a pattern of corrupt activity without the specification, and Count 3, trafficking in cocaine with the forfeiture specification. (Entry of Guilty Plea, State Court Record, ECF No. 4, Ex. 7). The court found Jones guilty and dismissed the remaining counts, their respective specifications, and the firearm specifications to Count 1 and 3 of the indictment. The court then sentenced Jones to a mandatory eleven years as to Count 1 and a mandatory four years on Count 3 with Count 1 to be served consecutively to Count 3. The sentence is to be served consecutively to the mandatory four years in Case No. 19CR2314 for a total of nineteen years (Judgment Entry, State Court Record, ECF No. 4, Ex. 8).

Jones did not timely appeal, but filed a motion for delayed appeal February 21, 2020. *Id.* at Ex. 9. The Ohio Tenth District Court of Appeals denied the motion, concluding Jones had not given an adequate excuse for his delay. *Id.* at Ex. 12. The Supreme Court of Ohio declined appellate jurisdiction. *Id.* at Ex. 18.

On September 26, 2019, Jones filed a motion to vacate judgment on grounds he asserts in this action, to wit, that the judge of the Franklin County Municipal Court who issued search warrants on June 16, 2018, lacked jurisdiction to do so. *Id.* at Ex. 17. The Franklin County Court of Common Pleas treated the motion both as a motion to withdraw guilty plea and as a challenge to the jurisdiction of the issuing judge and denied the motion. *Id.* at Ex. 20. Judge Woods noted

that Jones had not shown the guilty plea was invalid and the jurisdictional challenge was omitted from the motions to suppress, but Ohio does not permit renewed motions to suppress when the facts were available when the first motion was filed. *Id.*

The Tenth District affirmed. *State v. Jones,* 2020-Ohio-5525 (10th Dist. Dec. 3, 2020), appellate jurisdiction declined, 161 Ohio St. 3d 1475 (2021). The appellate court construed the motion as seeking to withdraw the guilty plea and noted the propriety under Ohio law of doing so. *Id.* at ¶ 10, citing *State v. Schlee,* 117 Ohio St.3d 153 (2008). Relying on its own precedent, it held the Ohio criminal *res judicata* doctrine bars raising in such a motion a claim which could have been raised on direct appeal. *Id.* at ¶ 13. It agreed with the trial court that the proper place to have raised Jones's jurisdictional claim would have been in a motion to suppress. *Id.* at ¶ 14. It concluded:

> This court has held that "[a] criminal defendant who enters a voluntary plea of guilty while represented by competent counsel waives all nonjurisdictional defects in the proceedings." *State v. Fortner*, 10th Dist. No. 08AP-191, 2008-Ohio-5067, ¶ 8 (noting that by pleading guilty, a defendant waives his right to challenge any defects in an indictment); see also *State v. Sullivan*, 10th Dist. No. 12AP-526, 2013-Ohio-675, ¶ 20. Though Jones attempts to phrase his arguments related to the defects in the search warrant as creating a jurisdictional problem, we note, as the trial court did, that Jones does not challenge the subject-matter jurisdiction of the trial court to accept his guilty plea. Additionally, Jones did not timely appeal from his judgment of conviction and sentence, and this court denied his request to file a delayed appeal. The arguments Jones makes in his September 26, 2019 motion to vacate are arguments Jones could have made in a direct appeal or by a prior motion. Consequently, res judicata operates to bar Jones from making these arguments in a post-sentence motion to withdraw his plea. *Morris* at ¶ 13. Thus, because res judicata bars Jones' motion, the trial court did not err in denying Jones' motion. *Id*.

*Id.*

On May 12, 2020, Jones filed what he styled as petition for post-conviction relief under

3

Ohio Revised Code § 2953.21 or in the alternative as a motion to withdraw guilty plea (State Court Record, ECF No. 4, Ex. 27). In it he alleges his trial counsel provided ineffective assistance in failing to move to suppress the fruits of the two search warrants executed on June 16, 2018, and of the warrantless search on April 4, 2018. *Id.* at PageID 310. Petitioner acknowledges his burden to prove that the motion to suppress he claims should have been filed would have been successful. *Id.* at PageID 310. As to the first warrant, he claims it was invalid (1) because issued and executed by state officials on the basis of federal probable cause, (2) because it only authorized seizure of documents and not the narcotics seized, and (3) because the issuing judge abandoned her role as a neutral magistrate by issuing a warrant not based on probable cause. As to the second warrant, he claims it was invalid because based solely on the fruits of the first warrant. As to the warrantless search, he claims the searching officers exceeded the scope of the consent given to them. *Id.* at PageID 312-22.

As part of this Petition, he alleges Attorney Nolder's failure to file a motion to suppress with these arguments (1) deprived him of counsel altogether, in violation of *United States v. Cronic,* 466 U.S. 648 (1984), and (2) prevented his guilty plea from being knowing, intelligent, and voluntary.

As of the date of the Return of Writ (December 18, 2020), the Franklin County Common Pleas Court had not ruled on this Petition/motion (Return, ECF No. 5, PageID 438). Neither party has advised this Court of any ruling since then and the Magistrate Judge thus assumes the Petition remains pending. Petitioner has not sought a stay of these proceedings pending that decision and any appeal if he is unsuccessful at the trial court level. Indeed, he asserts in his Reply that this claim has been exhausted and cites the Warden's Return as admitting this (Reply, ECF No. 9, PageID 462, citing Return, ECF No. 5, PageID 440).

Jones pleads the following Grounds for Relief:

> **Ground One:** Ineffective assistance of counsel.
>
> **Supporting Facts:** Trial counsel was ineffective for failing to seek suppression of the evidence seized pursuant to two search warrants executed on June 16, 2018, and one warrantless search executed on April 4, 2018. (the first search warrant, executed on June 16, 2018, was issued by a state magistrate whom [sic] lacked the authority to issue it without the participation of federal authorities; the search warrant was based on an affidavit primised [sic] on federal probable cause, but was executed solely by state officers. Further, issuing magistrate abandoned her neutral role, the affidavit lacked a nexus to the locations, and probable cause for various reasons. The evidence obtained from this search formed the basis of the subsequest [sic] search warrant being issued, and of all counts in the indictment.)
>
> **Ground Two:** Lack of subject matter jurisdiction.
>
> **Supporting Facts:** It is undisputed that the issuing state magistrate of the search warrant on which the evidence obtained formed the basis of all counts in the indictment lacked the authority to issue it without the participation of federal authorities; the search warrant was based on an affidavit primised [sic] on federal probable cause, but was executed solely by state officers. The search warrant and evidence was [sic] void *ab initio*.

(Petition, ECF No. 1, PageID 5, 7).

## Analysis

**Exhaustion of Available State Court Remedies**

In the Return of Writ, Respondent asserts this case must be dismissed as mixed under *Rose v. Lundy,* 455 U.S. 509 (1982), or stayed under *Rhines v. Weber*, 544 U.S. 269 (2005), because Petitioner had not exhausted available state court remedies on his Second Ground for Relief

(Return, ECF No. 5, PageID 440-41). However, the only remaining remedy suggested by the Warden was an appeal to the Supreme Court of Ohio. *Id.* Since the Return was filed, Jones has taken that appeal and the Supreme Court of Ohio has declined jurisdiction. *State v. Jones,* Case No. 2021-0095 (Entry of March 16, 2021; copy at ECF No. 10, PageID 475). The exhaustion doctrine is not jurisdictional and is thus waivable by the State, *Ex parte Royall*, 117 U.S. 241 (1886); *Granberry v. Greer*, 481 U.S. 129 (1987). In the original Report, the Magistrate Judge held the exhaustion defense was obviated by completion of the Supreme Court appeal (ECF No. 12, PageID 480). Respondent did not object to that conclusion. The Magistrate Judge concludes that these two actions by the State – pleading lack of exhaustion only as to Ground Two and failure to object – are sufficient to constitute waiver by the State of any other exhaustion defense. See *D'Ambrosio v. Bagley,* 527 F.3d 489, 496 (6th Cir. 2008).

**Ground One: Ineffective Assistance of Trial Counsel**

In his First Ground for Relief, Petitioner asserts he received ineffective assistance of trial counsel when his attorney failed to file a motion to suppress the evidence obtained through execution of two search warrants on June 16, 2018, and from the warrantless search that occurred on April 4, 2018.

**Procedural Default Defense**

Respondent asserts Jones has procedurally defaulted his First Ground for Relief by not taking a timely direct appeal to the Tenth District (Return, ECF No. 5, PageID 447-54).

6

The procedural default doctrine in habeas corpus is described by the Supreme Court as follows:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an adequate and independent state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause of the default and actual prejudice as a result of the alleged violation of federal law; or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *see also Simpson v. Jones*, 238 F.3d 399, 406 (6th Cir. 2000). That is, a petitioner may not raise on federal habeas a federal constitutional rights claim he could not raise in state court because of procedural default. *Wainwright v. Sykes*, 433 U.S. 72 (1977); *Engle v. Isaac*, 456 U.S. 107, 110 (1982). "Absent cause and prejudice, 'a federal habeas petitioner who fails to comply with a State's rules of procedure waives his right to federal habeas corpus review.'" *Boyle v. Million*, 201 F.3d 711, 716 (6th Cir. 2000), quoting *Gravley v. Mills*, 87 F.3d 779, 784-85 (6th Cir. 1996); *Murray v. Carrier*, 477 U.S. 478, 485 (1986); *Engle*, 456 U.S. at 110; *Wainwright*, 433 U.S. at 87.

> [A] federal court may not review federal claims that were procedurally defaulted in state court—that is, claims that the state court denied based on an adequate and independent state procedural rule. E.g., *Beard v. Kindler*, 558 U.S. 53, 55, 130 S.Ct. 612, 175 L.Ed.2d 417 (2009). This is an important "corollary" to the exhaustion requirement. *Dretke v. Haley*, 541 U.S. 386, 392, 124 S.Ct. 1847, 158 L.Ed. d 659 (2004). "Just as in those cases in which a state prisoner fails to exhaust state remedies, a habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claims has deprived the state courts of an opportunity to address" the merits of "those claims in the first instance." *Coleman* [*v. Thompson*], 501 U.S. [722,] 731-732, 111 S.Ct. 2546, 115 L.Ed.2d 640 [(1991)]. The procedural default doctrine thus advances the same comity, finality, and federalism interests advanced by the exhaustion doctrine. See *McCleskey v. Zant*, 499 U.S. 467, 493, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991).

*Davila v. Davis*, 137 S. Ct. 2058, 2064 (2017). "[A] federal court may not review federal claims that were procedurally defaulted in state courts." *Theriot v. Vashaw*, 982 F.3d 999 (6th Cir. 2020), citing *Maslonka v. Hoffner*, 900 F.3d 269, 276 (6th Cir. 2018) (alteration in original) (quoting *Davila v. Davis*, 137 S. Ct. 2058, 2064 (2017)).

The Sixth Circuit Court of Appeals requires a four-part analysis when the State alleges a habeas claim is precluded by procedural default. *Barton v. Warden, S. Ohio Corr. Facility,* 786 F.3d 450, 464 (6th Cir. 2015), *Guilmette v. Howes,* 624 F.3d 286, 290 (6th Cir. 2010)(*en banc*); *Eley v. Bagley*, 604 F.3d 958, 965 (6th Cir. 2010); *Reynolds v. Berry*, 146 F.3d 345, 347-48 (6th Cir. 1998), *citing Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); *accord Lott v. Coyle*, 261 F.3d 594, 601-02 (6th Cir. 2001); *Jacobs v. Mohr*, 265 F.3d 407, 417 (6th Cir. 2001).

> First the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule.
> . . . .
> Second, the court must decide whether the state courts actually enforced the state procedural sanction, citing *County Court of Ulster County v. Allen*, 442 U.S. 140, 149, 99 S.Ct. 2213, 60 L.Ed.2d 777 (1979).
>
> Third, the court must decide whether the state procedural forfeiture is an "adequate and independent" state ground on which the state can rely to foreclose review of a federal constitutional claim.
>
> Once the court determines that a state procedural rule was not complied with and that the rule was an adequate and independent state ground, then the petitioner must demonstrate under *Sykes* that there was "cause" for him to not follow the procedural rule and that he was actually prejudiced by the alleged constitutional error.

*Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); accord, *Hartman v. Bagley,* 492 F.3d 347, 357 (6th Cir. 2007), *quoting Monzo v. Edwards*, 281 F.3d 568, 576 (6th Cir. 2002).

In this case Ohio has an applicable procedural rule: a direct appeal of right from a criminal conviction must be filed within thirty days of the judgment of conviction. The Tenth District Court

of Appeals enforced that rule against Jones when it denied him leave to file a delayed appeal. Setting a definite deadline for taking an appeal is an independent and adequate state procedural rule: it is not related to any federal law and it is supportive of the State's interest in obtaining finality for criminal convictions.

To attempt to excuse the default, Jones argues:

> [T]ere is persuasive precedent that a state court's refusal to allow a petitiore [sic]to file a delayed direct appeal does not constitute an "adequate" ground to bar habeas review because the State appellate rule regarding the grant of delayed appeals is not firmly established or regularly followed, and thus, has cause to overcome his default . . .

(Reply, ECF No. 9, PageID 462, citing *Dietz v. Money*, 391 F.3d 894 (7th Cir. 2004)[correct citation *Deitz v. Money*, 391 F.3d 804 (6th Cir. 2004)]. *Deitz* supports the proposition for which Jones cites it, but it is no longer good law. In *Beard v. Kindler*, 558 U.S. 53, 54 (2009), the Supreme Court held "a discretionary rule can serve as an adequate ground to bar federal habeas review." In *Walker v. Martin*, 562 U.S. 307 (2011), it held unanimously that a California rule that requires state habeas to be filed "as promptly as the circumstances allow" and without "substantial delay," confers discretion but that does not mean the rule is not firmly established and regularly followed. Recognizing the impact of these cases, the Sixth Circuit has now held:

> *Beard* and *Walker*, when read together, permit a state procedural rule to serve as an adequate state ground for preventing review of a habeas petition even if the state rule accords courts broad discretion. As a result of the Supreme Court's decision in *Walker, Deitz* is no longer the controlling law on this issue in our Circuit, and a petitioner's failure to follow Ohio Rule of Appellate Procedure 5(A) can serve as the basis for a procedural default of a petitioner's habeas claims.

*Stone v. Moore*, 644 F.3d 342, 348 (6th Cir. 2011).

Jones also relies on *White v. Warden, Ross Corr. Inst.*, 940 F.3d 270 (6th Cir. 2019), where the Sixth Circuit held M*artinez v. Ryan*, 566 U.S. 1 (2012), and *Trevino v. Thaler*, 569 U.S. 413

9

(2013), were applicable to the Ohio system of litigating claims of ineffective assistance of trial counsel. Under Ohio law an ineffective assistance of trial counsel claim must be raised on direct appeal if it can be decided on the appellate record; otherwise it must be raised in a petition for post-conviction relief under Ohio Revised Code § 2953.21. Under the *Martinez/Trevino* exception to procedural default, a defendant who must litigate a claim of ineffective assistance of trial counsel in post-conviction and who either has no attorney in those proceedings or receives ineffective assistance from his attorney in those proceedings is not barred from habeas review.

The *Martinez/Trevino* exception is of no assistance to Jones. The facts necessary to litigate his ineffective assistance of trial counsel claim relating to motions to suppress were in the record which would have been available on direct appeal because motions to suppress were filed, although abandoned when Jones pleaded guilty. If colorable claims for suppression existed, their omission from the motions actually filed would have been apparent on the face of the appellate record. Jones had a right to appointed counsel on a direct appeal. If he had filed a timely notice of appeal counsel would have been appointed to represent him and raise this issue.

When an issue of ineffective assistance of trial counsel can be litigated on direct appeal, it must be raised there. Any attempt to raise it later in post-conviction proceedings is barred by the Ohio criminal *res judicata* doctrine first announced in *State v. Perry*, 10 Ohio St. 2d 175 (1967). Ohio's doctrine of *res judicata* in criminal cases, enunciated *State v. Perry,* has been repeatedly held by the Sixth Circuit to be an adequate and independent state ground of decision. *Durr v. Mitchell*, 487 F.3d 423, 432 (6th Cir. 2007); *Buell v. Mitchell*, 274 F.3d 337 (6th Cir. 2001); *Coleman v. Mitchell*, 268 F.3d 417 (6th Cir. 2001); *Byrd v. Collins*, 209 F.3d 486, 521-22 (6th Cir. 2000); *Rust v. Zent,* 17 F.3d 155, 160-61 (6th Cir. 1994)(citation omitted); *Van Hook v. Anderson*, 127 F. Supp. 2d 899, 913 (S.D. Ohio 2001).

*Martinez/Trevino*, as applied to Ohio procedure in *White*, will excuse a procedural default in presenting a substantial ineffective assistance of trial counsel claim in post-conviction if that claim was required by state procedure to be presented in post-conviction and a defendant either had no counsel in post-conviction or that counsel's representation failed to meet the standard of *Strickland v. Washington,* 466 U.S. 668 (1984). But *White* does not speak to the situation here, where the ineffective assistance of trial counsel claim should have been presented on direct appeal but was not. Indeed, the Tenth District Court of Appeals expressly enforced the *res judicata* rule against Jones. *State v. Jones, supra,* ¶ 13.

Accordingly, Petitioner's First Ground for Relief is procedurally defaulted and should be dismissed with prejudice on that basis.

**Merits of the First Ground for Relief**

Alternatively, Jones's First Ground for Relief is without merit.

The governing standard for ineffective assistance of counsel is found in *Strickland v. Washington*, 466 U.S. 668 (1984):

> A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

466 U.S. at 687. In other words, to establish ineffective assistance, a defendant must show both deficient performance and prejudice. *Berghuis v. Thompkins*, 560 U.S. 370, 389 (2010), citing *Knowles v. Mirzayance*, 556 U.S.111 (2009).

With respect to the first prong of the *Strickland* test, the Supreme Court has commanded:

> Judicial scrutiny of counsel's performance must be highly deferential. . . . A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy."

466 U.S. at 689.

As to the second prong, the Supreme Court held: "The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to overcome confidence in the outcome." 466 U.S. at 694. See also *Darden v. Wainwright*, 477 U.S. 168, 184 (1986), citing *Strickland, supra.; Wong v. Money,* 142 F.3d 313, 319 (6th Cir. 1998), citing *Strickland, supra*; *Blackburn v. Foltz,* 828 F.2d 1177, 1180 (6th Cir. 1987), quoting *Strickland*, 466 U.S. at 687. "The likelihood of a different result must be substantial, not just conceivable." *Storey v. Vasbinder*, 657 F.3d 372, 379 (6th Cir. 2011), quoting *Harrington v. Richter*, 562 U.S. 86, 111-12 (2011).

> In assessing prejudice under Strickland, the question is not whether a court can be certain counsel's performance had no effect on the outcome or whether it is possible a reasonable doubt might have been established if counsel acted differently. See *Wong v. Belmontes,* 558 U.S. 15, 27, 130 S. Ct. 383, 175 L. Ed. 2d 328 (2009) (per curiam); *Strickland,* 466 U.S., at 693, 104 S. Ct. 2052,

> 80 L. Ed. 2d 674. Instead, *Strickland* asks whether it is "reasonably likely" the result would have been different. Id., at 696, 104 S. Ct. 2052, 80 L. Ed. 2d 674. This does not require a showing that counsel's actions "more likely than not altered the outcome," but the difference between *Strickland's* prejudice standard and a more-probable-than-not standard is slight and matters "only in the rarest case." Id., at 693, 697, 104 S. Ct. 2052, 80 L. Ed. 2d 674. The likelihood of a different result must be substantial, not just conceivable. Id., at 693, 104 S. Ct. 2052, 80 L. Ed. 2d 674.

*Harrington v. Richter,* 562 U.S. 86, 111-112 (2011).

In his Objections to the original Report, Jones argues that, instead of *Strickland*, his ineffective assistance of trial counsel claim should be measured against *United States v. Cronic*, 466 U.S. 648 (1984). A complete denial or absence of counsel at a critical stage of the proceedings is *per se* ineffective, without proof of prejudice. *Mitchell v. Mason*, 257 F.3d 554 (6th Cir., 2001), relying on *Cronic,* and *Roe v. Flores-Ortega*, 528 U.S. 470 (2000).

But a habeas petitioner cannot substitute the *Cronic* standard for *Strickland* merely by asserting an attorney's performance was really, really deficient. In fact, the Supreme Court has overturned the Sixth Circuit's reliance on *Cronic* in cases where that was essentially the petitioner's claim. In *Bell v. Cone,* 535 U.S. 685 (2002), it overturned Sixth Circuit reliance on *Cronic* where counsel made no closing penalty-phase argument in a capital case. It has also held absence of counsel during testimony of a government witness whose testimony is irrelevant under the defendant's theory of the case is not *per se* ineffective assistance of trial counsel under *Cronic*. *Woods v. Donald*, 575 U.S. 312 (2015)(GVR), reversing *Donald v. Rapelje*, 580 Fed. Appx. 277 (6th Cir. 2014). In fact, Jones was represented in the trial court by Steven Nolder, the former Public Defender for this judicial district, who is shown by the record to have actively litigated the case. To prevail on the merits of his First Ground for Relief, Jones would have to meet both prongs of *Strickland*, deficient performance and prejudice.

The State Court Record shows that Attorney Nolder did in fact seek to suppress the results of the April 4, 2018, search (ECF No. 4, Ex. 3). He also filed a Motion to Suppress the fruits of the first June 16, 2018, search on the basis that the Affidavit did not provide probable cause to search the premises whose search was authorized. *Id.* at Ex. 4.

Jones admits that to prevail on his First Ground for Relief, he must show that the arguments he now makes for suppression are markedly stronger than the ones Nolder actually made (Objections, ECF No. 15, PageID 498, citing *Henness v. Bagley*, 766 F.3d 550 (6th Cir. 2014)). He has failed to make that showing.

He first claims the first June 16, 2018, search warrant results must be suppressed because it was issued and executed by state officials on the basis of federal probable cause. His sole cited authority for this proposition is *United States v. Townsend,* 394 F. Supp 736 (E.D. Mich. 1975). *Townsend* does not support the proposition for which Jones cites it. Rather the *Townsend* court held that when there is joint state and federal participation in the execution of a search warrant issued by a state court judge to obtain evidence for presentation in a federal prosecution, the procedure provided in Fed. R. Crim. P. 41 for federal search warrants must be followed. *Townsend* is completely inapposite and Jones cites no other authority. Thus the claim Jones asserts Nolder omitted is not only weaker than the claims Nolder made, it is completely without merit.

Jones second claim that Nolder supposedly omitted in violation of his duty to provide effective assistance is that the warrant in question only authorized seizure of documents and not the narcotics. That claim is patently without merit: the face of the warrant authorizes the seizure of "goods, chattels, or articles" that evidence commission of drug crimes. (Warrant, State Court Record, ECF No. 4, PageID 83).

His third claim for suppression of the results of execution of the first warrant is that the

issuing judge abandoned her role as a neutral magistrate by issuing a warrant not based on probable cause. But lack of probable cause is the gravamen of Attorney Nolder's second motion to suppress (Motion, State Court Record, ECF No. 4, Ex. 4).

As to the second June 16, 2018, search warrant, Jones argues it would not have been issued without evidence seized in the illegal search pursuant to the first warrant (Reply, ECF No. 9, PageID 467, relying on *United States v. Mitchell,* 82 F.3d 146, 151 (7th Cir. 1996); *Painter v. Robertson*, 185 F.3d 557, 567 (6th Cir. 1999); and *United States v. Worley,* 193 F.3d 380, 385-86 (6th Cir. 1999). In *Painter* the Sixth Circuit reversed summary judgment granted to a police officer on the basis of qualified immunity because the officer did not have the reasonable suspicion necessary under *Terry v. Ohio*, 392 U.S. 1 (1968), to justify the frisk that produced the firearm that was the basis of the arrest. *Worley* does not concern reliance on illegally seized evidence to support a subsequent search. In any event, the Magistrate Judge has concluded Jones's arguments for suppression of the evidence seized under authority of the first warrant are not persuasive.

In sum, Jones has not shown the omitted arguments for suppression are clearly stronger than the ones Attorney Nolder made. His First Ground for Relief is therefore without merit.

**Effect of Jones' Guilty Plea**

On May 14, 2019, the date set for hearing on the motions to suppress Attorney Nolder filed, Jones withdrew his former not guilty plea and entered a guilty plea pursuant to a plea agreement (State Court Record, ECF No. 4, Ex. 7).

A valid, unconditional guilty or no contest plea waives all "constitutional violations occurring prior to a plea of guilty once the defendant enters his plea," including a challenge to the

15

evidence supporting a conviction and any pre-plea constitutional violations, unless expressly preserved in a plea agreement or at a plea hearing. *United States v. Lalonde*, 509 F.3d 750, 757 (6th Cir. 2007). A guilty plea constitutes a break in the chain of events leading up to it. *Tollett v. Henderson*, 411 U.S. 258 (1973). Federal habeas corpus review of claims raised by a petitioner who has entered a guilty plea is limited to "the nature of the advice and the voluntariness of the plea, not the existence as such of an antecedent constitutional infirmity." *Tollett*, 411 U.S. at 266. A guilty plea bars a defendant from raising in federal habeas corpus such claims as the defendant's right to trial and the right to test the state's case against him. *McMann v. Richardson*, 397 U.S. 759 (1970); *McCarthy v. United States*, 394 U.S. 459, 466 (1969).

Jones's guilty plea has never been held to be invalid. In fact, on appeal from denial of his first motion to withdraw, the Tenth District decided Jones had forfeited his right to challenge the voluntariness of his guilty plea by not timely appealing and that the unvacated guilty plea had the effect of barring the attack he made on the searches. *States v. Jones, supra*, ¶ 14.

Jones' First Ground for Relief is barred by his plea of guilty.

**Ground Two: Lack of Subject Matter Jurisdiction**

In his Second Ground for Relief, Jones asserts that the state magistrate who issued the search warrant that resulted in seizure of the evidence used against him lacked subject matter jurisdiction to issue that warrant because it was premised on federal probable cause but executed only by state officers.

The Tenth District Court of Appeals considered this claim on Jones's appeal from denial of his motion to vacate his criminal judgment for lack of jurisdiction. That court held that the

proper method for Jones to raise this claim would have been in a motion to suppress in the trial court. *State v. Jones*, Case No. 20AP-300 (State Court Record, ECF No. 4, Ex. 33). Because Jones pleaded guilty without litigating this suppression claim, it was barred by *res judicata*. Moreover Jones had not timely appealed and, although he challenged the jurisdiction of the municipal court judge who issued the search warrant, he did not challenge the subject matter jurisdiction of the Franklin County Court of Common Pleas, the court that accepted his guilty plea. *Id.*

Jones's Second Ground for Relief is subject to dismissal for procedural default on the same basis as his First Ground: the claim could have been raised on direct appeal, but Jones did not timely file a notice of appeal. Thus, as raised on the first motion to vacate, it was barred by *res judicata*. Under the analysis recited above, Ohio criminal *res judicata* is an adequate and independent state ground of decision.

In addition to failure to appeal, Jones has also forfeited his Second Ground for Relief by pleading guilty, on the same basis as with Ground One.

Finally, on the merits, Jones is just wrong in asserting the issuing municipal judge did not have authority to do so. Municipal judges in Ohio have long had such authority. See Ohio Revised Code Ch. 1701 and Ohio R. Crim. P. 41. The fact that the supporting probable cause was gathered in part by federal agents or would support a finding of probable cause to believe a federal crime had been committed is irrelevant, so long as the supporting affidavit shows probable cause to believe a state crime has been committed. *Townsend, supra*, relied on by Jones, does not speak to this point at all.

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge respectfully recommends the Petition be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

June 3, 2021.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. #

**Jones's last set of Objections (ECF No. 15) was extremely difficult to read and could not be scanned into the CM/ECF system so as to produce a readable text. Petitioner is strongly cautioned to prepare any objections to this Substituted Report in clearly legible form.**