UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

ANTHONY L. JONES,

        Petitioner,               Case No. 2:20-cv-5466

v.                                 District Judge Michael H. Watson
                                    Magistrate Judge Michael R. Merz

WARDEN, Noble
Correctional Institution,

        Respondent.

## OPINION AND ORDER

This habeas corpus case under 28 U.S.C. § 2254 is before the Court on Petitioner's Objections, ECF No. 20, to the Magistrate Judge's Substituted Report and Recommendations on the merits ("Sub. R&R"), ECF No. 16.

The Objections were initially filed by Petitioner in *United States v. James Jones*, Case No. 2:20-cv-5504, which is Petitioner's brother's habeas corpus case arising out of the same criminal conduct. Petitioner has not explained to the Court how he came to put his brother's case number on his Objections, but the Objections have now been re-filed in this case and are ripe for the Court's consideration.

When a litigant files objections to a Magistrate Judge R&R on a dispositive matter, such as the merits of a habeas corpus petition, he is entitled to *de novo* review by a District Judge of those portions of the R&R to which he has made

substantial objection. Fed. R. Civ. P. 72(b). The Court has now conducted that *de novo* review, and this Opinion and Order embodies the result of that review.

## I. Ground One: Ineffective Assistance of Trial Counsel

Petitioner was convicted on the basis of evidence seized in a warrantless search on April 4, 2018, and in execution of two search warrants issued on June 16, 2018, by a Judge of the Franklin County Municipal Court. In his First Ground for Relief as pleaded in the Petition, Petitioner asserted he received ineffective assistance of trial counsel in that his trial attorney, Steven Nolder ("Nolder"), failed altogether to seek the suppression of this evidence:

> **Supporting Facts:** Trial counsel was ineffective for failing to seek suppression of the evidence seized pursuant to two search warrants executed on June 16, 2018, and one warrantless search executed on April 4, 2018. (the first search warrant, executed on June 16, 2018, was issued by a state magistrate whom [sic] lacked the authority to issue it without the participation of federal authorities; the search warrant was based on an affidavit primised [sic] on federal probable cause, but was executed solely by state officers. Further, issuing magistrate abandoned her neutral role, the affidavit lacked a nexus to the locations, and probable cause for various reasons. The evidence obtained from this search formed the basis of the subsequest [sic] search warrant being issued, and of all counts in the indictment.)

Petition, ECF No. 1, PAGEID # 5. Petitioner repeated this ineffective assistance of trial counsel claim verbatim in his Reply. ECF No. 9, PAGEID # 462.

In his original R&R, the Magistrate Judge noted that Nolder had, in fact, filed motions to suppress, but Petitioner had pleaded guilty on May 19, 2019, without

proceeding on the suppression motions. ECF No. 12, PAGEID # 478. In his Objections to that R&R, Petitioner completely recast his ineffective assistance of trial counsel claim related to suppression of evidence, writing, as if quoting the Petition:

> **Supporting Facts:** Jones was effectively deprived of counsel in violation of the Sixth Amendment when Jones' counsel entirely failed to subject the prosecution's case to "meaningful" adversarial testing by not raising Jones' omitted Fourth Amendment issues in the petition which are clearly stronger than the Fourth Amendment issues his counsel did raise because a reasonable probability exists that inclusion of at least one of those issues would have changed the outcome of the case. Jones was prejudiced as to the offenses based solely on the evidence seized as a result of these issues.

ECF No. 15, PAGEID # 491. Petitioner never sought to amend his Petition to change the claims he was making about trial counsel's performance; instead, he allowed the Petition and Reply to stand as they had been filed but argued this claim as he had re-cast it in the quoted language from his first set of objections. Moreover, he asserts Nolder's failure to make these omitted arguments "(1) deprived him of counsel, in violation of *United States v. Cronic,* 466 U.S. 648, 104 S. Ct. 2039, 80 L. Ed. 2d 657 (1984), and (2) prevented his guilty plea from being knowing, intelligent, and voluntary." ECF No. 20, PAGEID # 535.

### A. Procedural Default

The Magistrate Judge found Petitioner's First Ground for Relief was procedurally defaulted because it was not made on direct appeal. Sub. R&R, ECF No. 16, PAGEID ## 513–16. Petitioner did not file a timely notice of appeal. When

he attempted a delayed appeal, the Tenth District Court of Appeals enforced the thirty-day time limit against him and his co-defendants James Jones and Josue Montelongo-Rangel, holding:

> {¶ 3} In the present case, appellants' motions for leave to file delayed appeals are identical and claim they did not appeal in a timely manner because they were not informed of and were unaware of their appellate rights. We find these reasons do not warrant the granting of delayed appeals in the present cases. Initially, appellants signed guilty pleas in which they acknowledged they understood they had a right to appeal within 30 days of the judgments. See *State v. Poole*, 10th Dist. No. 05AP-1266, 2006-Ohio-210, ¶ 10 (that appellant was unaware of his appellate rights was belied by the guilty plea form, which appellant signed, that indicated he understood he could appeal as a matter of law from the plea and sentence within 30 days of the filing of the judgment). Furthermore, appellants do not explain what actions they took to investigate their appellate rights or when or how they discovered their appellate rights. Appellants also do not explain why they were prevented from discovering their appellate rights sooner. Regardless, their lack of legal knowledge regarding their right of appeal is an insufficient basis to grant a motion for delayed appeal. See *State v. Evans*, 10th Dist. No. 09AP-1028, 2010-Ohio-4090, ¶ 6 (lack of knowledge of the law is not a sufficient reason to explain a failure to timely file a notice of appeal), citing *State v. Shahan*, 10th Dist. No. 05AP-114 (Mar. 15, 2005) (memorandum decision), citing *State v. Guinn*, 10th Dist. No. 03AP-1223 (Jan. 27, 2004) (memorandum decision). Given all the above circumstances, appellants' delay of approximately eight to nine months, without justifiable explanation, was unreasonable.

*State v. Jones*, Case No. 20AP-113 (10th Dist. Jun. 30, 2020) (copy at State Court Record, ECF No. 4, Ex. 12, PAGEID ## 204–05).

Petitioner attempted to overcome this default by relying on *Deitz v. Money*,

391 F.3d 804 (6th Cir. 2004), but the Magistrate Judge correctly noted that *Deitz* had been overruled by the Sixth Circuit. Sub. R&R, ECF No. 16, PAGEID # 514 (citing *Stone v. Moore*, 644 F.3d 342, 348 (6th Cir. 2011)).

Petitioner also attempted to overcome this default by relying on *White v. Warden, Ross Corr. Inst.*, 940 F.3d 270 (6th Cir. 2019), where the Sixth Circuit held M*artinez v. Ryan*, 566 U.S. 1 (2012), and *Trevino v. Thaler*, 569 U.S. 413 (2013), were applicable to the Ohio system of litigating claims of ineffective assistance of trial counsel. The Magistrate Judge concluded *White* was of no assistance to Petitioner because he could have litigated his ineffective assistance of trial counsel claims on direct appeal and did not do so as Ohio law requires. Sub. R&R, ECF No. 16, PAGEID ## 515–16.

> On this latter point, Petitioner objects that
>
>> The actual character of the pretrial discovery material in which Jones relies were not attached to any motions or introduced as exhibits in a proceeding in open court. Therefore, it would not have been apparent on the face of the appellate record because that material never changed form. . . Jones could not have raised his current legal theories based on that evidence; and (2) even though Jones pleaded guilty, he only abandoned the issues raised in the motions to suppress that were filed. *Stone v. Powell*, 428 U.S. 465.

Obj., ECF No. 20, PAGEID # 537.

Jones' "current legal theories" about why the evidence would have been suppressed if Nolder had only made the correct arguments was first presented to the state courts in what Petitioner styled a "Motion to Vacate or Set Aside

Judgment" filed in the trial court September 26, 2019. State Court Record, ECF No. 4, Ex. 17. He argued there, as he does here, that because the search warrant affidavits were premised on probable cause to believe a federal crime had been committed, the search warrant was "federal" and had to comply with Federal Rule of Criminal Procedure 41[1]. The trial judge treated the motion as made under Ohio Rule of Criminal Procedure 32.1 to withdraw a guilty plea and not as a petition for post-conviction relief based on evidence outside what would have been the record on direct appeal. Decision and Entry, State Court Record, ECF No. 4, Ex. 20. He noted that this argument had not been made as part of the motion to suppress filed by Nolder. *Id.* at PAGEID # 255. Noting that Ohio law does not permit serial motions to suppress when the relevant facts were known at the time a first motion to suppress was filed, he concluded Petitioner had waived his jurisdictional argument by not making it at that time. *Id.* Second, he found the argument was waived by pleading guilty. *Id.* at PAGEID # 256. Third, he noted there was no manifest injustice because Petitioner was convicted, not on the basis of the seized evidence, but because he pleaded guilty. *Id.*

The Tenth District affirmed, holding, "The arguments Jones makes in his September 26, 2019 motion to vacate are arguments Jones could have made in a direct appeal **or by a prior motion**. Consequently, *res judicata* operates to bar Jones from making these arguments in a post-sentence motion to withdraw his

---

[1] While Jones purports to quote from the search warrant affidavit as Exhibit 1, *id.* at PAGEID # 234, in fact no exhibit is attached.

plea." *State v. Jones*, Case No. 20AP-300 (10th Dist. 12/18/2020) (copy at State Court Record, ECF No. 4, Ex. 33).

Ohio has only two methods for litigating a claim of ineffective assistance of trial counsel. If the claim can be litigated on the appellate record, it must be raised on direct appeal. *State v. Perry*, 10 Ohio St. 2d 175 (1967). If it depends on evidence outside the record, it must be raised in a petition for post-conviction relief under Ohio Revised Code § 2953.21. Petitioner claims his current legal theories could not have been litigated on direct appeal, but he does not identify what "materials from pretrial discovery" would not have been available on appeal. Nolder challenged the first June 2018 warrant, albeit on a different basis than Petitioner now argues, but the warrant and supporting affidavit were clearly before the trial court and could have been in the appellate record if appellate counsel had made Petitioner's current argument[2]. If Petitioner is relying on something beyond the warrant and its supporting affidavit, he was obliged to present that claim in a post-conviction petition. He did not file such a petition until December 18, 2020, State Court Record, ECF No. 4, Ex. 27, and the only attachments are the search warrants and supporting affidavits.[3] Thus, the Magistrate Judge's conclusion that Ground One is barred by procedural default is correct.

---

[2] As the Magistrate Judge has noted, if Petitioner had filed a notice of appeal, appellate counsel would have been appointed to represent him, someone different from Nolder, who would have had responsibility for constructing the appellate record.

[3] Petitioner also filed an affidavit of his own in support of the requested alternative relief of withdrawal of the guilty plea.

Petitioner also asserts that by pleading guilty he only waived the suppression claims he actually made through Nolder, not the claims he now makes. Obj., ECF No. 20, PAGEID # 537 (citing *Stone v. Powell*, 428 U.S. 465 (1976)). The Supreme Court made no such holding in *Stone*. That case stands for the proposition that no Fourth Amendment claim can be raised at all in habeas corpus if the State provides a full and fair opportunity to litigate Fourth Amendment claims.

Petitioner next objects that the Magistrate Judge's conclusion of procedural default is "contrary to or an objectively unreasonable application of" *Jamison v. Collins*, 100 F. Supp. 2d 647, 765 (S.D. Ohio 2000). *Id.* at PAGEID # 539. In that capital habeas corpus case, Judge S. Arthur Spiegel of this Court held that failure to raise an ineffective assistance of trial counsel claim on direct appeal was excused if the same attorney who had represented a petitioner at trial also represented him on direct appeal. That is not the situation here where no timely notice of appeal was ever filed and no appellate attorney retained or appointed. *Jamison* is good law but is completely inapposite to this case.

### B. Merits of the Ineffective Assistance of Trial Counsel Claim

As an alternative to the procedural default analysis, the Magistrate Judge also concluded Petitioner's ineffective assistance of trial counsel claim was without merit. Sub. R&R, ECF No. 16, PAGEID ## 516–20. For the reasons given by the Magistrate Judge, the correct standard for review is provided by *Strickland v.*

*Washington,* 466 U.S. 668 (1984), and not by *United States v. Cronic,* 466 U.S. 648 (1984).

*Strickland* provides for a strong presumption of attorney competence. In recognition of that presumption, the Magistrate Judge noted that Petitioner was represented in the trial court by Attorney Steven Nolder, the former Public Defender for this judicial district. The Magistrate Judge also found that the motions to suppress that Nolder did file were directed to colorable issues raised by the searches, *i.e.*, lack of consent for the scope of the April search and lack of a showing of probable cause for the first June 2018 warrant.

Petitioner boldly objects that the two motions to suppress that Nolder filed were not due to strategic considerations but because he wanted to cover up his incompetence by making a show of advocacy. "Counsel's filing of two timely suppression motions, again, was not based on 'strategy,' but on counsel's initiative to hide the fact he was working with the State." Obj., ECF No. 20, PAGEID # 541. Thus, Petitioner alleges not incompetence but disloyalty. There is not a scrap of evidence to support this conspiracy theory, as is so often true of such allegations.

Jones objects that the Magistrate Judge's reference to Nolder's work as the former Federal Defender for this District is irrelevant and shows that the Magistrate Judge is biased toward Nolder. *Id.* at 541–42. The Court disagrees. Attorney Nolder's work is well known to all the judges of this Court; reference to that work does not show bias but serves to bolster the presumption of competent performance required by *Strickland*.

The Court is also not persuaded that the arguments Petitioner says should have been made are in fact stronger than those Nolder made. In particular, the Court finds unpersuasive the claim that this was a federal search warrant subject to the strictures of Federal Rule of Criminal Procedure 41. When a judge of a state court of record issues a federal search warrant, which the Rule authorizes in the absence or unavailability of a United States Magistrate Judge, Federal Rule of Criminal Procedure 41 applies. But the fact that an affidavit supports federal probable cause does not imply that it does not support probable cause to believe a state crime has been committed; the overlap in state and federal regulations of controlled substances is sufficiently great that this will often be the case. The warrants in question were issued by an Ohio municipal judge to seize evidence to present in Ohio criminal prosecutions. While the federal Constitution applies to such circumstances, the Federal Rules of Criminal Procedure do not.

### C. Effect of Jones' Guilty Plea

In addition to the procedural default and merits analysis, the Magistrate Judge also concluded that Petitioner's guilty plea waived his habeas claims. ECF No. 16, PAGEID ## 520–21. Petitioner's only objection to this conclusion is his claim that, under *Stone v. Powell, supra*, only issues actually raised in motions to suppress are waived by a guilty plea. As noted above, *Stone* does not support that proposition. The Magistrate Judge's conclusion that Petitioner's guilty plea waived his habeas claims, which are all for asserted constitutional violations occurring before the plea, is adopted.

## II. Ground Two: Lack of Subject-Matter Jurisdiction

In his Second Ground for Relief, Jones asserts that the state magistrate who issued the search warrant that resulted in seizure of the evidence used against him lacked subject-matter jurisdiction to issue that warrant because it was premised on federal probable cause but executed only by state officers.

The Magistrate Judge concluded this claim was procedurally defaulted on the same basis as the First Ground for Relief, that it was waived by Petitioner's guilty plea, and that the claim that the municipal judge did not have authority ("subject matter jurisdiction") to sign the search warrants was completely without merit. Sub. R&R, ECF No. 16, PAGEID # 522.

Jones makes conclusory objections, merely reasserting his argument against *res judicata* and waiver by guilty plea. Obj., ECF No. 20, PAGEID # 557. On the merits, he merely reasserts his conclusion that *United States v. Townsend*, 394 F. Supp 736 (E.D. Mich. 1975), governs this case. As noted above, *Townsend* interprets Federal Rule of Criminal Procedure 41, which governs the issuance of federal search warrants for the gathering of evidence to be presented in federal court. It does not speak at all to the issuance of state search warrants for the gathering of evidence to be presented in criminal proceedings in state court. It certainly does not hold that a search warrant premised on federal probable cause cannot also support state probable cause or that any failure of the state courts to follow Federal Rule of Criminal Procedure 41 renders a conviction unconstitutional.

## III. Conclusion

Having reviewed the Magistrate Judge's Sub. R&R *de novo*, the Court **ADOPTS** the Report and **OVERRULES** Petitioner's Objections. The Clerk will enter judgment dismissing the Petition with prejudice. Because reasonable jurists would not disagree with this conclusion, Petitioner is denied a certificate of appealability, and the Court certifies to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

**IT IS SO ORDERED.**

*/s/ Michael H. Watson*
**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**