# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

ANTHONY L. JONES,

        Petitioner, : Case No. 2:20-cv-5466

  - vs -                            District Judge Michael H. Watson
                                    Magistrate Judge Michael R. Merz

WARDEN, Noble
  Correctional Institution,

                                       :
        Respondent.

## REPORT AND RECOMMENDATIONS

This habeas corpus case under 28 U.S.C. § 2254 is before the Court on Petitioner's *pro se* Motion to Amend the Judgment under Fed.R.Civ.P. 59(e)(ECF No. 23). As a post-judgment motion, it is deemed referred to the Magistrate Judge under 28 U.S.C. § 636(b)(3).

For a district court to grant relief under Rule 59(e), "there must be '(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice.'" *Betts v. Costco Wholesale Corp.*, 558 F.3d 461, 474 (6th Cir. 2009) (quoting *Henderson v. Walled Lake Consol. Sch.*, 469 F.3d 479, 496 (6th Cir. 2006)).

> Motions to alter or amend judgment may be granted if there is a clear error of law, *see Sault Ste. Marie Tribe*, 146 F.3d at 374, newly discovered evidence, *see id.*, an intervening change in controlling constitutional law, *Collison v. International Chem. Workers Union, Local 217*, 34 F.3d 233, 236 (4th Cir. 1994); *Hayes v. Douglas Dynamics, Inc.*, 8 F.3d 88, 90-91 n.3 (1st Cir. 1993); *School District No. 1J v. ACANDS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993), or to prevent manifest injustice. *Davis*, 912 F.2d at 133; *Collison*, 34 F.3d

1

> at 236; *Hayes*, 8 F.3d at 90-91 n.3. See also *North River Ins. Co. v. Cigna Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995).
>
> To constitute "newly discovered evidence," the evidence must have been previously unavailable. See *ACandS*, 5 F.3d at 1263; *Javetz v. Board of Control, Grand Valley State Univ*. 903 F. Supp. 1181, 1191 (W.D. Mich. 1995)(and cases cited therein); Charles A. Wright, 11 *Federal Practice and Procedure* § 2810.1 at 127-28 (1995).

*Gencorp, Inc. v. American Int'l Underwriters,* 178 F.3d 804, 834 (6th Cir. 1999), accord, *Nolfi v. Ohio Ky. Oil Corp.*, 675 F.3d 538, 551-52 (6th Cir. 2011), quoting *Leisure Caviar, LLC v. United States Fish & Wildlife Serv.*, 616 F.3d 612, 615 (6th Cir. 2010).

A motion under Fed. R. Civ. P.  59(e) is not an opportunity to reargue a case. *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998)(citation omitted). Thus, parties should not use them to raise arguments which could and should have been made before judgment issued. *Id.* Motions under Rule 59(e) must establish either a manifest error of law or must present newly discovered evidence. *Id.* In ruling on an Fed.R.Civ.P. 59(e) motion, "courts will not address new arguments or evidence that the moving party could have raised before the decision issued. See 11 C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure §2810.1, pp. 163-164 (3d ed. 2012) (Wright & Miller); accord, *Exxon Shipping Co. v. Baker,* 554 U. S. 471, 485-486, n. 5, 128 S. Ct. 2605, 171 L. Ed. 2d 570 (2008) (quoting prior edition)." *Bannister v. Davis*, 140 S. Ct. 1698, 1703, 207 L.Ed. 2d 58 (2020).

Petitioner's Motion should be denied because it is both untimely and without merit.

**Timeliness**

A motion to amend or alter a judgment just be filed within twenty-eight days of the judgment.  The Court has no authority to extend that time or forgive a late filing.  Fed.R.Civ.P.

2

6(b)(2).

The Court entered judgment dismissing this case on August 9, 2021. The twenty-eighth day later was September 6. Because that was a national holiday, the deadline was automatically extended until the next court date, September 7, 2021. Fed.R.Civ.P. 6(a)(1)(c) and 6(a)(6)(A).

The instant Motion was not received by the Clerk and docketed until September 27, 2021. Because Petitioner is incarcerated, his filings are deemed filed when he deposits them in the prison mailing system. *Houston v. Lack,* 487 U.S. 266 (1988); *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). The instant Motion was not mailed until September 23, 2021, sixteen days after the deadline (See postmark at PageID 585).

Petitioner's Certificate of Service claims the Motion was forwarded by certified mail to the Clerk on September 3, 2021, but this is not credible: the envelope does not have the indicia affixed by the United States Postal Service to certified mail, nor has Petitioner furnished the Court with the receipt issued by USPS upon its receipt of certified mail.

Accordingly, the Motion should be denied as untimely.

**Merits**

The Motion is also without merit.

Petitioner's First Ground for Relief claims he received ineffective assistance of trial counsel when his attorney, Steven Nolder, did not pursue a motion to suppress. The Court adopted the Magistrate Judge's recommendation that this ground for relief was procedurally defaulted by Petitioner's failure to take a timely direct appeal and waived by Petitioner's pleading guilty before the motion to suppress could be heard (Opinion and Order, ECF No. 21, PageID 562, et seq.).

Petitioner's instant Motion does not show any manifest error of law in that conclusion. Nolder's asserted ineffectiveness could have been raised on direct appeal because the documents on which Jones relies were in the trial court record and could have been presented to the appellate court. Jones claims he only learned of the legal issues which, he claims, made the seizures unlawful much later. But if he had appealed, the Ohio courts would have given him a new lawyer who would have been required by the Sixth Amendment to look diligently for appealable issues. There is no legal research needed to prepare a simple notice of appeal and Jones had been advised when pleading guilty that he had only thirty days to do so.

The Motion suggests this Court could find the denial of a delayed appeal unconstitutional (Motion, ECF No. 21, PageID 577). But there is no federal constitutional right to appeal at all, much less to file a delayed appeal. There is no federal constitutional right to appeal criminal verdicts for error review. *McKane v. Durston*, 153 U.S. 684 (1894), cited as still good law in *Lopez v. Wilson,* 426 F.3d 339, 355 (6th Cir. 2005); *Halbert v. Michigan*, 545 U.S. 605 (2005). "Due process does not require a State to provide appellate process at all." *Goeke v. Branch*, 514 U.S. 115, 120 (1995).

Jones also argues against the guilty plea bar by claiming Attorney Nolder did not advise him of all the law he now relies on to assert Fourth Amendment violations. The Fourteenth Amendment erects no such bar to finding a guilty plea knowing, intelligent, and voluntary.

In support of his position, Jones attaches a Declaration of Gregory Pelfrey, a law clerk at Noble Correctional since 2018. Pelfrey avers that

> In February 2020, I started assisting Petitioner and his co-defendants[1] with their legal needs. At which time I discovered the omitted deficiencies in the searches, informed them of those deficiencies and the legal decisions on which they now rely to

---

[1] The co-defendants are James Jones and Josue Montelongo-Rangel. Mr. Pelfrey's assistance perhaps explains why arguments made in these three habeas corpus cases have been so parallel, to the point of duplicated misspellings.

4

> support their claims of ineffective assistance of counsel and involuntary guilty plea.

(Declaration, ECF No. 23, PageID 584). Jones did not seek a delayed appeal until February 21, 2020, after he had consulted with Mr. Pelfrey. Judgment was entered May 16, 2019 (ECF No. 4, Ex. 8), and the time for appeal therefore expired June 15, 2019. Had Jones and his co-defendants timely appealed their convictions, they would have been constitutionally entitled to the effective assistance of an appointed appellate attorney.

**Conclusion**

Jones has shown no clear error of law in the judgment. His Motion should be denied on the merits as well as for being untimely. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

September 29, 2021.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal.