UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**ANTHONY JONES,**

    Petitioner,

v.

**JAY FORSHEY, Warden, Noble Correctional Institution,**

    Respondent.

Case No. 2:20-cv-5466
Judge MICHAEL H. WATSON
Magistrate Judge Michael R. Merz

## OPINION AND ORDER

This 28 U.S.C. § 2254 case is before the Court on Anthony Jones's ("Petitioner") Motion to Alter or Amend Judgment pursuant to Federal Rule of Civil Procedure 59(e). Mot., ECF No. 23. On September 29, 2021, the Magistrate Judge issued a Report and Recommendations ("R&R") recommending that the Motion be denied. R&R, ECF No. 24. On October 18, 2021, Petitioner Objected to the R&R. Obj., ECF No. 25-1 at PAGEID # 596. For the reasons below, the Court **ADOPTS** the R&R, **OVERRULES** Petitioner's Objections thereto, and **DENIES** the Motion.

**I.**     **FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

The Substituted R&R on the Petition's merits, ECF No. 16 at PAGEID ## 506–10, sets forth the factual background and procedural history to that point; the Court incorporates that discussion by reference. On August 9, 2021, the

Court adopted the Substituted R&R, dismissed with prejudice the Petition, entered judgment, and closed the case. Opinion and Order, ECF No. 21; Judgment, ECF No. 22. Petitioner thereafter filed the instant Motion, arguing that the Court had committed clear legal error when it concluded that Petitioner's ineffective assistance of trial counsel claim (Claim One) was procedurally defaulted because it was not timely presented to the state court. Mot., ECF No. 23 at PAGEID ## 578, 581. He also claimed that his guilty plea was not knowing, intelligent, and voluntary because counsel failed to advise him adequately on the law or available defenses prior to his plea. *Id.* at PAGEID ## 579–80, 582 (citations omitted).

The Magistrate Judge recommended denying the Motion as untimely and meritless. R&R, ECF No. 24. He noted that a motion to alter or amend a judgment must be filed within twenty-eight days of entry of judgment and that "[t]he Court has no authority to extend that time or forgive a late filing." *Id.* at PAGEID ## 587–88 (citing Fed. R. Civ. P. 6(b)(2)). Despite having a filing deadline of September 7, 2021, Petitioner's Motion was not postmarked until September 23. *Id.* at PAGEID # 588 (citing Fed. R. Civ. P. 6(a)(1)(C), 6(a)(6)(A)); Mot., ECF No. 23-1 at PAGEID # 585.

As to the merits, the R&R stated:

> Petitioner's First Ground for Relief claims he received ineffective assistance of trial counsel when his attorney, Steven Nolder, did not pursue a motion to suppress. The Court adopted the Magistrate Judge's recommendation that this ground for relief was procedurally defaulted by Petitioner's failure to take a timely direct appeal and

waived by Petitioner's pleading guilty before the motion to suppress could be heard.

R&R, ECF No. 24 at PAGEID # 588 (citing Opinion and Order, ECF No. 21 at PAGEID # 562, *et seq.*). The Magistrate Judge recommended that this was not a clear error of law, as "Nolder's asserted ineffectiveness could have been raised on direct appeal because the documents on which Jones relies were in the trial court record and could have been presented to the appellate court." *Id.* at PAGEID # 589. Further, the R&R noted that "Jones also argues against the guilty plea bar by claiming Attorney Nolder did not advise him of all the law he now relies on to assert Fourth Amendment violations. [Yet, t]he Fourteenth Amendment erects no such bar to finding a guilty plea knowing, intelligent, and voluntary." *Id.* at PAGEID # 589. Consequently, the Magistrate Judge recommended that the Court deny petitioner's Motion.

Petitioner's instant Objections were postmarked October 18, 2021. ECF No. 25-1 at PAGEID # 596.

## II. LEGAL STANDARDS

"A magistrate judge must promptly conduct the required proceedings when assigned, without the parties' consent, to hear a pretrial matter dispositive of a claim or defense . . . The magistrate judge must enter a recommended disposition[.]" Fed. R. Civ. P. 72(b)(1). "[A] party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "The district judge must determine *de novo* any part of the

magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

For a district court to grant relief under Rule 59(e), "there must be '(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice.'" *Betts v. Costco Wholesale Corp.*, 558 F.3d 461, 474 (6th Cir. 2009) (quoting *Henderson v. Walled Lake Consol. Sch.*, 469 F.3d 479, 496 (6th Cir. 2006)).

### III. ANALYSIS

Petitioner styles his filing as Objections to the Substituted R&R, *i.e.*, the R&R that this Court adopted in denying the underlying Petition. Obj., ECF No. 25 at PAGEID # 591 (citing *Jones v. Warden*, No. 2:20-cv-5466, 2021 WL 4451623 (S.D. Ohio Sept. 29, 2021) (Merz, Mag. J.))). To the extent that Petitioner is truly objecting to the Substituted R&R, such objections are untimely and improper and are overruled.

As to timeliness, Petitioner presents an affidavit of fourteen people swearing they saw him mail the Motion on September 3, 2021. Obj., ECF No. 25 at PAGEID # 592 (citing Aff., ECF No. 25 at PAGEID # 594). While this is evidence of timely filing of the Motion, the Objections themselves appear to be untimely. Objections to the R&R on the Motion were due on October 13, 2021. *See* R&R, ECF No. 24 at PAGEID # 590. However, the Objections were not

postmarked until October 18, 2021. ECF No. 25-1 at PAGEID # 596. Petitioner dated his Objections on "October 1, 2021," ECF No. 25 at PAGEID # 593, but there is no indication that he deposited them in the prison mail system on that date to avail himself of the prison mailbox rule. *Houston v. Lack*, 487 U.S. 266 (1988). Nor is there any other indication aside from the postmark (*e.g.*, a certificate of service, a certified mail receipt, etc.) indicating when the Objections were deposited into the mail system. Accordingly, they are untimely and are overruled on that ground.

Even if the Objections were timely, however, they are meritless. Notably, Petitioner does not object to the conclusion that his ineffective assistance of counsel claim was procedurally defaulted, and his failure to do so is fatal to his Petition. The only portion objected to was the Magistrate Judge's conclusion that any failure to advise on the law prior to pleading guilty was not grounds for habeas relief, as "[t]he Fourteenth Amendment erects no such bar to finding a guilty plea knowing, intelligent, and voluntary." Obj., ECF No. 25 at PAGEID # 592 (quoting R&R, ECF No. 24 at PAGEID # 589). Petitioner argues that his plea could not have met that standard, as counsel failed to explain adequately the charges and the consequences of pleading guilty. Obj., ECF No. 25 at PAGEID ## 592–93 (citing *White v. Rewerts*, No. 18-cv-13691, 2021 U.S. Dist. LEXIS 167585, at *24 (E.D. Mich. Sept. 3, 2021); *People v. Armisted*, 295 Mich. App. 32, 48 (2011); *People v. Fonville*, 291 Mich. App. 363, 394 (2011); *People v. Cortewav*, 212 Mich. App. 442, 445 (1995)). None of the cases cited is binding

authority, and they fall short as persuasive authority. In *White*, *Armisted*, and *Corteway*, the court held that counsel was not ineffective. In *Fonville*, the court held that a failure to advise that pleading would require registration as a sex offender meant that the plea was not knowing, intelligent, and voluntary. 295 Mich. App. at 48. Petitioner does not argue that there was any analogous statutory consequence of which his attorney failed to advise him. Petitioner's Objection is overruled.

## IV. DISPOSITION

For the foregoing reasons, the R&R is **ADOPTED**, Petitioner's Objections are **OVERRULED**, and the Motion is **DENIED**. As reasonable jurists would not disagree with this conclusion, Petitioner is **DENIED** a certificate of appealability. The Court certifies that any appeal would be objectively frivolous, and Petitioner should not be permitted to proceed *in forma pauperis* on any such appeal.

IT IS SO ORDERED.

MICHAEL H. WATSON, JUDGE
UNITED STATES DISTRICT COURT